542 A.2d 207

Andrea Chamoun, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*John W. Murtagh, Jr., John W. Murtagh, Jr., P.C.,* for petitioner.

*J. T. Carney,* for intervenor, USX Corporation.

OPINION BY JUDGE SMITH, June 2, 1988:

Andrea Chamoun (Claimant) appeals from the denial of benefits by the Unemployment Compensation Board of Review under Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law).[1] The Board's decision is affirmed.

Claimant contends in her appeal that the denial of benefits under Section 402(b) was not supported by substantial evidence of record. The referee found that Claimant was employed for 10 years with USX Corporation as a staff auditor. Her last day of work was June 13, 1986 when she commenced maternity leave which was expected to end on August 20, 1986, or 45 days follow-

---

[1] Act of December 5, 1936, *Second Ex. Sess.,* P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

ing the birth of Claimant's child due on July 5, 1986. Because of medical complications discussed with the company doctor during his examination of Claimant on August 20, Claimant was unable to return to work as originally scheduled and was therefore continued on leave with pay.

On September 10, 1986 Claimant reported to the company doctor who advised Claimant to take an unpaid parental leave as she was no longer entitled to leave with pay. Claimant visited her personal physician on September 12, 1986 and testified that she thereafter notified the company doctor that she was advised not to return to her job. Claimant was notified by letter from her employer to contact the Assistant Director of Claimant's division by September 19, 1986 to discuss her return to work and that failure to do so would be deemed a voluntary quit. Claimant contacted instead the EEO coordinator to discuss her job status and medical condition. On September 19, Claimant's employer notified her by telegram that since she had been medically cleared to return to work, she was required to contact employer by September 22 to advise whether she would return to work, take parental leave or resign; and if Claimant elected to return to work, she should report the week of September 22. Claimant failed to report to work or contact her employer contending that she was upset and did not wish to call employer. As a consequence, employer notified Claimant on September 26 that her failure to return to work at the conclusion of disability was deemed a voluntary quit.[2]

The referee further found that Claimant's personal physician had notified the company doctor that Claimant's disability had ended, and that continuing work was available to Claimant had she elected to

---

[2] N.T. pp. 15, 18; Exhibit 7.

return to work. The referee concluded that Claimant voluntarily quit her employment without cause of a necessitous and compelling nature. The Board by its order dated April 10, 1987 adopted the referee's findings and affirmed his decision.

Our scope of review here is to determine whether or not the findings of fact are supported by substantial evidence of record; whether or not an error of law has been committed; or whether Claimant's constitutional rights have been violated. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Section 402(b) of the Law provides that a claimant shall be ineligible for compensation in any week in which claimant's unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Claimant bears the burden of proving that her failure to return to work was for cause of a necessitous and compelling nature. *Flatley v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 78, 500 A.2d 515 (1985). The question of whether Claimant voluntarily quit her job is a question of law. *Chinn v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 582, 426 A.2d 1250 (1981). Moreover, issues of credibility are for the Board which may either accept or reject a witness' testimony whether or not corroborated by other evidence of record. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

Substantial evidence exists in the record to support the referee's findings. Claimant testified regarding employer's six weeks' pregnancy leave policy which was extended due to her post-partum depression. Claimant produced no competent testimony at the hearing to support the argument that her medical disability had not ended by September 10 and therefore her failure to

return to work should not be deemed a voluntary termination of employment. Moreover, Claimant testified that she had completed the prescribed medication for her condition prior to her September 10 meeting with the company doctor.

Initially, Claimant contends that she did not voluntarily quit her employment and testified that she regularly forwarded her time sheets to the employer as well as her physician's October 27, 1986 statement which indicated that Claimant could return to work. On the other hand, Claimant argues that she has sustained her burden of proving cause of a necessitous and compelling nature for leaving work in that her medical condition prevented her from performing her regular job duties. In support of her argument, Claimant relies upon the Supreme Court's holding in *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). While this Court fully recognizes that a medical condition may constitute cause of a necessitous and compelling nature for terminating one's employment, Claimant has failed to sustain her burden of proof in this regard.

No competent testimony was presented by Claimant to prove her physical inability to return to her job the week of September 22 as requested by employer or that employer had any obligation to make an accommodation to enable Claimant to resume her employment. Claimant relies upon her testimony that she described symptoms of her post-partum depression to the company doctor during the September 10 meeting and the October 27, 1986 statement of her personal physician which merely stated that "patient is able to return to work." Exhibit 4. Claimant testified that she requested temporary reassignment to a less stressful job due to her condition but was informed by the employer that no other position existed for which Claimant was qualified.

Claimant additionally argues that the referee improperly based findings upon hearsay evidence represented by a written statement of the company doctor dated November 5, 1986 in which he confirmed his telephone conversation with Claimant's doctor on September 15 that Claimant could return to work. Claimant's counsel failed to specifically object to the admission of this statement, corroborated by other evidence of record, which consequently may be considered by the referee. Exhibit 2; *see Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).[3] The employer's manager of employment services testified that employer forwarded the September 19 telegram to Claimant because efforts by the company doctor to reach Claimant were unsuccessful. The purpose of efforts to reach Claimant was to explain that she had been medically cleared to return to work.

Finally, even assuming that Claimant's hearsay arguments were valid, the evidence remains that Claimant admittedly failed to contact the employer or report to work the week of September 22 as required which represented the final act resulting in employer classifying Claimant as having voluntarily quit her employment. Under the circumstances, Claimant had a duty to act prudently and to take reasonable steps to preserve her employment which she failed to do. *Gillooly v. Unemployment Compensation Board of Review,* 76 Pa. Com-

---

[3] Claimant argues that the statement is inadmissible as a recorded recollection exception to the hearsay rule relying upon *Heller v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 194, 427 A.2d 737 (1981). The court found that the referee in *Heller* based his findings almost exclusively on the memorandum at issue prepared by the office manager. Such was not the case here as other competent evidence existed to support findings necessary to support the decision.

monwealth Ct. 20, 462 A.2d 958 (1983); *Unemployment Compensation Board of Review v. Metzger,* 28 Pa. Commonwealth Ct. 571, 368 A.2d 1384 (1977). Claimant neither returned to work nor contacted her employer upon receipt of the September 19 telegram.

Upon review of the record in this case, portions of which contained disturbing omissions and recording device failures, this Court is nonetheless of the opinion that substantial evidence exists to support the findings of fact and the Board's conclusion that Claimant voluntarily quit her employment without cause of a necessitous and compelling nature rendering her ineligible for unemployment compensation benefits. Accordingly, we affirm the Board.

ORDER

AND NOW, this 2nd day of June, 1988, the decision and order of the Unemployment Compensation Board of Review dated April 10, 1987 is hereby affirmed.