CENTRAL DAUPHIN SCHOOL
DISTRICT, Petitioner

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 14, 2005.

Decided Feb. 15, 2006.

Dennis J. Shatto, Harrisburg, for petitioner.

Judith M. Gilroy, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY President Judge COLINS.

Central Dauphin School District (District) petitions for review of the order of the Unemployment Compensation Board of Review (Board), which reversed the decision of the referee denying benefits to

Carla Huffman (Claimant)[1]. Claimant was denied benefits by the Lancaster Unemployment Compensation Service Center pursuant to Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law).[2] The referee issued a decision denying Claimant benefits after a hearing during which Claimant, with counsel, and the District, also with counsel, appeared. Claimant appealed the referee's decision to the Board. The Board reversed the referee and granted benefits. We remand the case back to the Board to expand its findings of fact.

The pertinent facts follow. Claimant was employed as a reading specialist teacher effective August 25, 2003 at Linglestown Middle School. She taught eight reading classes to 8th grade students, three of which were remedial reading classes. Claimant had continual and serious discipline problems with the students in the remedial reading classes. The District gave claimant a performance improvement plan to help her with her classroom management. On May 20, 2004, Claimant received her second evaluation on which she received an unsatisfactory performance rating based largely on her lack of classroom management skills. Claimant voluntarily quit the next day.

The referee concluded that Claimant failed to offer sufficient, credible evidence that she voluntarily quit for necessitous and compelling reasons and that therefore, she was ineligible for benefits under the provisions of Section 402(b) of the Law.

The Board reversed the referee and found that there was nothing in the record to indicate that that she would be able to improve her ability to handle the students with severe discipline problems and that therefore her inability to do her job duties constituted cause of a necessitous and compelling nature for her voluntary quit. This appeal followed.[3]

On appeal, the District argues that the Board erred when it concluded that Claimant had necessitous and compelling cause to voluntarily quit. An employee voluntarily terminating employment has the burden of proving that termination was necessitous and compelling, for purposes of unemployment compensation. Section 402(b) of the Law, 43 P.S. § 802(b). Whether an employee has necessitous and compelling reason to terminate employment, for purposes of unemployment compensation, is a legal question subject to appellate review. In order to show necessitous and compelling cause, "[t]he claimant must establish that: 1) circumstances existed which produced real and substantial pressure to terminate employment; 2) like circumstances would compel a reasonable person to act in the same manner; 3) she acted with ordinary common sense; and 4) she made a reasonable effort to preserve her employment." *Fitzgerald v. Unemployment Compensation Board of Review*, 714 A.2d 1126, 1129 (Pa.Cmwlth. 1998), *petition for allowance of appeal denied*, 568 Pa. 650, 794 A.2d 364 (1999). Finding of Fact No. 3 states: "The claimant was assigned three classes of remedial reading students. Some of these students

1. Claimant has not filed a petition to intervene and thus Central Dauphin School District's application to strike the brief submitted by Claimant has been granted.

2. Act of December 5, 1936, P.L. 2897, *as amended*, 43 P.S. § 802(b).

3. Our review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, and whether all necessary findings of fact are supported by substantial evidence. *Chamoun v. Unemployment Compensation Board of Review*, 116 Pa.Cmwlth. 499, 542 A.2d 207 (1988).

had severe discipline problems." However, the Board never ruled upon the credibility of Claimant vis-à-vis the alleged conduct outlined in Claimant's testimony.

If the students' behavior was as vulgar as described in the record, then there would certainly be substantial evidence to affirm the decision of the Board. Claimant testified to a number of disciplinary problems including: (1) a student who had a temper tantrum and would threaten Claimant by standing in her face and knocking his books on the floor; (2) students writing sexual innuendos about Claimant or other students; (3) a student getting out of his seat and throwing a ream of notebook paper out of the window; (4) a student breaking the classroom TV by breaking off the control buttons; (5) a student who was on parole disrupting the class by constantly blowing his nose and making reference to his drug problems; (6) two female students reporting that a male was masturbating in class; (7) students standing in the lunch line making a sexual movement with their hips towards Claimant; (8) students bumping into Claimant's posterior and on one occasion commenting "I bet you liked that." This behavior, if tolerated by the administration, would certainly create circumstances that produced real and substantial pressure to terminate employment. A reasonable person would act in the same manner.

The record indicates that Claimant acted with common sense by reporting the conduct time and time again and exerting her best efforts to control the classroom. However, only Finding of Fact No. 4 addresses the steps taken by the administration to sanction the behavior. If only a performance improvement plan was issued to remedy the severe problems outlined in the testimony, then Claimant made a reasonable effort to preserve her employment. She implemented a performance improvement plan provided by the administration to no avail. She sent the students to the office only to be humiliated by their public celebration with high fives and verbal mockery of the punishment as set forth in the record. In totality, Claimant acted and reacted like a reasonable prudent person the entire time she was employed. The administration did not provide sufficient support for the disciplinary problems of these children if the testimony before this Court is credible. Claimant unquestionably had necessitous and compelling reasons to terminate her employment if the facts are found as outlined in the record. However, without specific fact finding we can not exercise proper appellate review.

The District's second relevant argument concerns whether the Board's Finding of Fact No. 9 was supported by substantial evidence. The finding of fact states that "the Claimant voluntarily quit this employment because she could not work with students with disciplinary problems to either her, or her employer's satisfaction." However, it is clear that the District was not satisfied as outlined in her May 20, 2004 performance evaluation. Additionally, there is ample evidence in the record showing that Claimant quit because of the conduct of her students. She repeatedly testified about the conduct she endured and her frustration with her inability to control their behavior. Therefore, substantial evidence would exist to support the Board's findings of fact depending upon the credibility determination decided by this remand.

This Court vacates and remands this decision to the Board for further findings of fact on Claimant's credibility and whether the administration provided appropriate and sufficient support for Claimant in her efforts at disciplining the offending students. The broad findings of fact issued

are not enough for this Court to rule upon the issue.

## ORDER

**AND NOW,** this 15th day of February 2006, the Order of the Unemployment Compensation Board of Review entered in the above-captioned matter is hereby vacated and the case is remanded to the Board for further findings of fact as outlined in the opinion.

Jurisdiction relinquished.