IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Masonic Village,                          :
                    Petitioner            :
                                          :
          v.                              : No. 2019 C.D. 2013
                                          : Submitted:  August 1, 2014
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI          FILED: August 14, 2014


          Masonic Village (Employer) petitions for review of an order of the
Unemployment Compensation Board of Review (Board) that reversed a Referee's
decision and determined that Jean Radatti (Claimant) is not ineligible for
unemployment compensation benefits under Section 402(e) of the Unemployment
Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended*, 43 P.S.
§802(e).  Section 402(e) of the Law provides that "[a]n employe shall be ineligible for
compensation for any week … [i]n which his unemployment is due to his discharge … from work
for willful misconduct connected with his work…."

Claimant worked as a part-time wellness center coordinator from April 2008 to May 2013 when she was discharged for willful misconduct for failing to comply with Employer's verbal directive that she stop working after she had clocked out for the day.[2] Claimant filed for benefits with the UC Service Center, which determined that Claimant's actions did not constitute willful misconduct and that she was not ineligible for benefits under Section 402(e) of the Law. Employer appealed.

Before the Referee, to demonstrate that Claimant engaged in willful misconduct, Employer's Director of Human Resources, William Chambley (Chambley), testified that he called a meeting with Employer's Executive Director, Adrienne Staudenmayer (Staudenmayer), and Claimant on May 23, 2013, and addressed Claimant's practice of punching out and then continuing to work. He stated that Staudenmayer told Claimant that this practice was a violation of the wage and hour rules and Employer's policy and that Claimant had to stop doing it immediately. Chambley testified that Claimant stated that she understood and would

---

[2] The burden of proving willful misconduct rests with the employer. *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). When a claimant is terminated for refusing to comply with an employer directive, the employer has the burden to establish the reasonableness of the directive and that the claimant refused to comply. *Blue v. Unemployment Compensation Board of Review*, 616 A.2d 84, 85 (Pa. Cmwlth. 1992), *appeal denied*, 626 A.2d 1159 (Pa. 1993). A claimant's refusal to comply with a reasonable verbal directive, even in the absence of a rule violation, may constitute willful misconduct. *Bailey v. Unemployment Compensation Board of Review*, 457 A.2d 147, 149 (Pa. Cmwlth. 1993). Once the employer meets its burden, the burden shifts to the claimant to show good cause for her refusal to comply with the directive. *Blue*, 616 A.2d at 86. A claimant has good cause if her actions are reasonable and justifiable under the circumstances. *Docherty v. Unemployment Compensation Board of Review*, 898 A.2d 1205, 1208-09 (Pa. Cmwlth. 2006). Whether an employee's conduct constitutes willful misconduct and whether a claimant has proved good cause are questions of law subject to our review. *Department of Corrections v. Unemployment Compensation Board of Review*, 943 A.2d 1011, 1015-16 (Pa. Cmwlth. 2008).

no longer continue to work after she punched out. He stated that on the following day, May 24, 2013, they discovered that following the meeting, Claimant had punched out at 4:59 p.m. and had continued to work until 5:33 p.m. Chambley testified that, as a result, they called Claimant and told her not to come to work so that they could investigate her violation of Employer's directive. He stated that Claimant was discharged for insubordination for violating the directive. Chambley also identified two e-mails that Claimant sent explaining that she was beside herself with anxiety and fear and was hysterical and not thinking clearly after the meeting and just forgot the directive and explained that she did not willfully disregard the directive because she thought that Employer understood that she would need extra time on that day to get things in order before she left. (Reproduced Record (R.R.) at 67a-68a).

Staudenmayer testified that the May 23rd meeting was called to address Claimant's no call/no show earlier in the week in which Claimant reported late to work due to her medical issues. Staudenmayer stated that, in the interim, she discovered that Claimant was punching out and then going back to work. She testified that she had several conversations with Claimant regarding the need to stay beyond normal work hours and that Claimant needed to call her to get overtime authorized. Staudenmayer stated that at the meeting, she explained to Claimant that it was a violation of the wage and hour rules and Claimant stated that she understood it was a violation and would never do it again. Staudenmayer testified that Claimant was terminated because she ended up doing it again that same day.

Claimant testified that she suffers from myalgic encephalomyelitis, and that the May 23rd meeting was called to discuss her lateness on May 20th due to her medical condition and not her practice of working after clocking out. She stated that it was announced at the outset of the meeting that they were there to discuss her termination. Claimant explained that as a result, she was upset, trembling inside and filled with anxiety both during and after the meeting. She stated that while Staudenmayer mentioned that her continuing to work after clocking out violates labor laws in passing and that it was an afterthought, there was no discussion of the issue at the meeting. Claimant testified that after the meeting, she simply forgot Employer's directive and clocked out at her normal time and continued working to finish what she was working on because she had no recollection of Employer's directive. Claimant stated that she never committed a willful act of misconduct and she never thought that she was returning to willfully disobey a rule.

The Referee reversed the Service Center's determination, finding that Claimant is ineligible for benefits under Section 402(e) because she violated Employer's reasonable directive to stop working after she clocked out without good cause. On appeal, the Board reversed the Referee and awarded benefits, stating:

> Here, although the employer credibly testified that it advised the claimant that working off the clock was a violation of wage and hour laws, the Board concludes that the claimant had good cause for failing to adhere to the employer's directive. The claimant credibly testified that she became stressed and distraught during the meeting and had forgotten about the employer's discussion relating to the wage and hour laws. As such, while the Board in no way questions the employer's right to discharge an unsatisfactory employee, the Board cannot conclude that the

4

claimant's actions [constitute] willful misconduct under Section 402(e) of the Law.

(Board's 10/18/13 Decision and Order at 2).

In this appeal,[3] Employer argues that the Board erred in granting benefits because its finding that Claimant had good cause for violating Employer's directive is not supported by substantial evidence because expert medical evidence connecting her memory loss to her medical condition was required.[4] However, the Board merely found that Claimant forgot the discussion regarding working off the clock and Employer's directive because she was stressed and distraught by the discussion of her potential termination. (Board's 10/18/13 Decision and Order at 1-2). This finding is amply supported by substantial evidence. (R.R. at 58a-59a, 60a, 62a, 65a-66a, 67a, 68a). The Board did not specifically find that Claimant's memory lapse was caused by her medical condition and, while Claimant did try to tie her condition to her failure to comply during the hearing, she did not do so in the e-mails that she sent to

---

[3] Our review of the Board's decision is limited to determining whether there was a constitutional violation or an error of law, whether any Board practice or procedure was not followed, and whether the necessary findings of fact are supported by substantial evidence. *Glenn v. Unemployment Compensation Board of Review*, 928 A.2d 1169, 1171 n.1 (Pa. Cmwlth. 2007).

[4] This claim has been waived because Employer did not raise the issue of the necessity of expert medical evidence connecting Claimant's medical condition to her memory lapse in its petition for review. *See generally United Transportation Union v. Pennsylvania Public Utility Commission*, 68 A.3d 1026, 1042 (Pa. Cmwlth.), *appeal denied*, 80 A.3d 779 (Pa. 2013) ("To properly preserve an issue, a petition for review filed pursuant to Pa. R.A.P. 1513(d), requires a general statement of objections and provides the statement of objections 'will be deemed to include every subsidiary question fairly comprised therein.' Issues not raised in the petition for review will not be addressed.") (citations omitted). Nevertheless, we will address this claim on the merits.

Employer that Employer introduced at the hearing and that were addressed in both Chambley's and Claimant's testimony. (*Id.* at 58a-59a, 62a, 67a, 68a). The Board was free to accept the evidence demonstrating that Claimant merely forgot Employer's directive due to the stress and anxiety caused by her potential termination, and it was not required to make a specific finding that Claimant's medical condition affected her memory or to credit her testimony in this regard.[5]

Moreover, the Board did not err in determining that Claimant is not ineligible under Section 402(e) of the Law because her failure to comply with Employer's directive was neither intentional nor deliberate.[6] *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 425-27 (Pa. 2003); *Zimmerman v. Unemployment Compensation Board of Review*, 836 A.2d 1074, 1079 (Pa. Cmwlth. 2003); *Bucher v. Unemployment Compensation Board of Review*, 463 A.2d 1241, 1243 (Pa. Cmwlth. 1983).

---

[5] The Board is the ultimate finder of fact in unemployment compensation proceedings. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1389 (Pa. 1985); *Chamoun v. Unemployment Compensation Board of Review*, 542 A.2d 207, 208 (Pa. Cmwlth. 1988). Issues of credibility are for the Board, which may either accept or reject a witness' testimony whether or not it is corroborated by other evidence of record. *Id.* Findings of fact are conclusive on appeal if the record contains substantial evidence to support the findings. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977).

[6] *See generally Diehl v. Unemployment Compensation Board of Review*, 57 A.3d 1209, 1217 (Pa. 2012) ("[D]isqualification provisions, such as Section 402(e), should be narrowly construed and a claimant must not be denied compensation unless [s]he is unequivocally excluded by the plain language of these provisions.") (citation omitted).

Accordingly, the Board's order is affirmed.


_____
DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Masonic Village, : 
           Petitioner : 
            : 
      v. : No. 2019 C.D. 2013
            : 
Unemployment Compensation : 
Board of Review, : 
           Respondent : 

# **O R D E R**

AND NOW, this 14th day of August, 2014, the order of the Unemployment Compensation Board of Review at No. B-556917 is affirmed.

_____
DAN PELLEGRINI, President Judge