# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gertrude S. Landmesser,       :
             Petitioner       :
                                :
         v.                   : No. 507 C.D. 2015
                                : Submitted: August 14, 2015
Unemployment Compensation    :
Board of Review,                  :
             Respondent     :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                  HONORABLE MARY HANNAH LEAVITT, Judge
                  HONORABLE ANNE E. COVEY, Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI             FILED: August 28, 2015


Gertrude S. Landmesser (Claimant) petitions *pro se* for review of the order of the Unemployment Compensation (UC) Board of Review (Board) dismissing as untimely under Section 502 of the Unemployment Compensation Law (Law)[1] her appeal from a Referee's decision denying benefits under Section 402(e) of the Law.[2] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*, 43 P.S. §822. Section 502 states that "the referee's decision … shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision."

[2] 43 P.S. §802(e). Section 402(e) of the Law provides that "[a]n employe shall be ineligible for compensation for any week … [i]n which his unemployment is due to his discharge … from work for willful misconduct connected with his work…."

Claimant worked as an EPSDT (Early and Periodic Screening, Diagnosis and Treatment) coordinator for Children's Service Center (Employer) from October 2006 to October 2014. In May 2013, Claimant was counseled about falling asleep at work and beginning in February 2014, Claimant was on a one-year last chance agreement that included a direction that she remain awake and engaged at all times during work hours. In October 2014, Lois Boginski (Boginski), Employer's director of the base service unit, observed Claimant sleeping in her cubicle for approximately five minutes. Boginski observed Claimant's head bobbing and that she was snoring. Boginski did not attempt to wake Claimant because there were clients and other co-workers in the area. Claimant told Employer that she had her eyes closed to concentrate while she was on a conference call at that time, but the telephone record for Claimant's extension did not indicate that she was on a call at the time that she was observed sleeping. Claimant was discharged for sleeping on the job[3] and she applied for benefits.

The Scranton UC Service Center denied benefits under Section 402(e) because Claimant did not show good cause for sleeping on the job and Claimant appealed. Following a hearing, the Referee affirmed the Service Center's

---

[3] The burden of proving willful misconduct rests with the employer. *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). Willful misconduct has been defined as: (1) wanton or willful disregard for an employer's interests; (2) deliberate violation of an employer's rules; (3) a disregard for the standards of behavior which an employer can rightfully expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 1 A.3d 965, 968 (Pa. Cmwlth. 2010). "[T]his Court has held that sleeping on the job is *prima facie* an act of willful misconduct." *Ragland v. Unemployment Compensation Board of Review*, 428 A.2d 1019, 1020 (Pa. Cmwlth. 1981).

determination by decision mailed on December 18, 2014. (Certified Record (CR) Item No. 13).[4] The Referee's decision stated that the last date to file an appeal to the Board was January 2, 2015. (*Id.* at 2).

On January 10, 2015, Claimant mailed an appeal to the Board, alleging that she did not initially receive the Referee's December 18, 2014 decision and that she had only received a copy when she called the Service Center after the appeal period had expired. On January 28, 2015, in response to a Board letter, Claimant requested a hearing on the timeliness of her appeal of the Referee's decision.[5] At the hearing, Claimant again claimed that she did not receive the

---

[4] As the Referee explained:

> Although the claimant testified she does not recall falling asleep at work, the referee finds the employer's witness's testimony to be credible that she observed the claimant sleeping in her cubicle for approximately five minutes during which time the claimant's head was bobbing and the claimant was snoring. Accordingly, the referee finds and concludes the claimant's actions constitute willful misconduct for which no good cause has been given and benefits must therefore be denied under Section 402(e) of the [Law].

(CR Item No. 13 at 2).

[5] Section 101.61(c) of the Board's regulations state, in relevant part:

> (c) If an application for further appeal has been filed, which appears has been filed beyond the applicable time limit, and a request for a hearing is received by the Board within such 15-day period, the case shall be assigned to a referee to conduct a hearing for and on behalf of the Board on the issue of the timeliness of the application for further appeal, and on the merits, if it appears that the appeal was in fact timely filed. Notice of the hearing shall be mailed to the last known post office address of each interested party. If the Board finds that the application for further appeal was

**(Footnote continued on next page…)**

Referee's decision when it was initially mailed and only received a copy from the Service Center after the appeal period had run. (N.T. 2/20/15[6] at 4). Claimant explained that the Referee told her at the hearing that it would be two or three weeks before a decision would be rendered so she called three weeks after the hearing, was told that a decision had been rendered, and was sent a copy of the decision. (*Id.* at 3, 4). Claimant acknowledged that the copy of the Referee's decision that she received contained her correct mailing address stating, "It was the same address, everything the same. I just never got it." (*Id.* at 5). Claimant explained, "The first one, I don't know if it got lost in the Christmas mail, if it's in the dead letter – I have no idea where it is." (*Id.*). Claimant did not object to the admission of the Referee's decision stating that it was mailed on December 18, 2014. (*Id.* at 3); (CR Item No. 13 at 1).

In March 2015, the Board issued a Decision and Order in which it found as fact: on December 18, 2014, the Referee mailed his decision and order denying benefits to Claimant's correct address; the postal authorities never returned the Referee's decision and order as undeliverable; the Referee's decision and order notified Claimant that the final day to file a valid appeal to the Board

---

**(continued…)**

> not timely filed, the Board will issue a decision only on this issue….

34 Pa. Code §101.61(c).

[6] "N.T. 2/20/15" refers to the transcript of the February 20, 2015 Referee's hearing on the timeliness of Claimant's appeal to the Board.

4

was January 2, 2015; Claimant's appeal to the Board was filed on January 10, 2015; and the UC authorities never misinformed or mislead Claimant concerning the right or necessity to appeal. (CR Item No. 21 at 1).

Based on the foregoing, the Board determined that it was without jurisdiction to consider Claimant's untimely appeal explaining:

> Section 502 of the Law strips the Board of jurisdiction to accept an appeal filed after the statutory period expires unless caused by fraud or its equivalent by the administrative authorities, a breakdown in the administrative process, or non-negligent conduct. The claimant asserts that she did not receive the referee's decision and order. However, the decision and order was mailed to the claimant's correct address and not returned as undeliverable, so receipt is presumed and ***the Board discredits the claimant's assertion of non[-]receipt***.[7] Therefore, the claimant's appeal from the referee's decision and order must be dismissed.

(CR Item No. 21 at 1-2) (emphasis added).

---

[7] The Board is the ultimate finder of fact in unemployment compensation proceedings. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1389 (Pa. 1985); *Chamoun v. Unemployment Compensation Board of Review*, 542 A.2d 207, 208 (Pa. Cmwlth. 1988). Issues of credibility are for the Board, which may either accept or reject a witness's testimony whether or not it is corroborated by other evidence of record. *Id.* This Court must examine the evidence in the light most favorable to the party who prevailed before the Board, and to give that party the benefit of all inferences that can be logically and reasonably drawn from that evidence. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977).

5

In this appeal,[8] Claimant contends that the Referee and the Board erroneously applied the "mailbox rule,"[9] arguing that "[s]uccinctly, mail must be

---

[8] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 222 n.8 (Pa. Cmwlth. 2012).

[9] As this Court has explained:

> Generally, when a party asserts that it did not receive a notice from the Department, the analysis begins with the Department invoking an evidentiary presumption to show that the notice was received by the party. This evidentiary presumption of receipt is used where the sender establishes with proof that a hearing notice was placed into the mail addressed to the last known address of the addressee and it was not returned by postal authorities as undeliverable. *Gaskins* [*v. Unemployment Compensation Board of Review*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981)] (applying the common law mailbox rule); *see also* 34 Pa. Code §101.53 (providing that "[m]ailing of notices, orders or decisions of a referee, or of the Board to the parties at their last known addresses as furnished by the parties to the referee, the Board or the Department, shall constitute notice of the matters therein contained.") This presumption is based on the notion that, once the notice, properly addressed, is placed in the mail, there are usually two options: either the notice will be delivered as addressed, or, if it cannot be delivered, it will be returned to the sender. *See Bee v. Unemployment Compensation Board of Review*, [119 A.2d 558, 559 (Pa. Super. 1956)] ("Presumably [the notice] was received by claimant for it was not returned by the postal authorities."). Although those two options are the most likely to occur in our experience, there are occasions in which mail is lost or not delivered for some reason. *See, e.g., Verdecchia* [*v. Unemployment Compensation Board of Review*, 657 A.2d 1341, 1343-44 (Pa. Cmwlth. 1995)] (where the addressee provided evidence that the postal authorities did not forward mail as requested by addressee). Therefore, the courts only presume that the notice was received; the burden then shifts to the addressee to prove this presumption wrong and that the mail was not received.

**(Footnote continued on next page…)**

6

sent via carrier's tracking method to verify receipt." Brief for Petitioner at 13. However, as outlined above, the Board's regulations specifically provide for service of the Referee's decision by regular mail, *see* 34 Pa. Code §101.53, and such mailing merely creates a rebuttable presumption that the Referee's decision was received. Claimant had the opportunity to rebut this presumption at the February 20, 2015 hearing on the timeliness of her appeal to the Board, but her evidence of non-receipt was rejected by the Board as not credible and that determination is not subject to review by this Court. Moreover, Claimant verified that the mailing address on the Referee's decision was the correct address and was the address at which she subsequently received a copy of the decision. (N.T. 2/20/15 at 5). In sum, neither the Referee nor the Board erred in the application of the "mailbox rule" and Claimant's assertion to the contrary is without merit.

Finally, Claimant asserts that the Referee misled her regarding the timeframe in which he would issue a decision disposing of her appeal of the Service Center's determination. However, at the hearing, the Referee explained:

---

**(continued…)**

> The presumption is, thus, merely "a procedural device which shifts the burden of persuasion or the burden of going forward with the evidence," *Bixler v. Hoverter*, [491 A.2d 958, 959 (Pa. Cmwlth. 1985)], to the claimant. *See also Commonwealth v. Shaffer*, [288 A.2d 727, 735 (Pa. 1972)] (stating "[a] rebuttable presumption forces the defendant to come forth or suffer inevitable defeat on the issue in controversy").

*Volk v. Unemployment Compensation Board of Review*, 49 A.3d 38, 41 (Pa. Cmwlth. 2012) (footnotes omitted).

[T]he other thing, ma'am, just to clarify, I understand that's what you heard, but I believe and since I – I believe I said that you will get a Decision sometime within the next two to three weeks. I didn't say it would come two weeks later. I tell people that because I have in my tenure as a Referee, had people calling the very morning – I've had their hearing at 9:00. They're calling at 11:00 to want to know when their Decision's going to be mailed. So to avoid that and have my staff – avoid my staff having to take undue telephone calls, I tell people that they will get it sometime in the next two to three weeks. It doesn't mean it's going to be two weeks. It doesn't mean it's going to be three. It could very well be the next day.

(N.T. 2/20/15 at 3-4). The foregoing supports the Board's finding that "the [UC] authorities never misinformed or mislead Claimant concerning the right or necessity to appeal." (CR Item No. 21 at 1).[10]

Accordingly, the Board's order is affirmed.

_____
DAN PELLEGRINI, President Judge

---

[10] Claimant also raises a number of other issues relating to the merits of her claim for benefits under the Law. However, "[i]f an appeal is not filed within fifteen days of the determination's mailing date, the [Board] and its referees do not have jurisdiction to rule on the merits of the case." *Roman-Hutchinson v. Unemployment Compensation Board of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009) (citation omitted). As a result, we likewise will not address the merits of her claim for benefits.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gertrude S. Landmesser, : 
          Petitioner : 
       : 
        v. : No. 507 C.D. 2015
       : 
Unemployment Compensation : 
Board of Review, : 
          Respondent : 

# **O R D E R**

AND NOW, this 28th day of August, 2015, the order of the Unemployment Compensation Board of Review dated March 13, 2015, at B-576213, is affirmed.

_____
DAN PELLEGRINI, President Judge