# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brien L. Readinger,                             :
                                                : No. 1288 C.D. 2016
                        Petitioner              : Submitted: December 16, 2016
                                                :
              v.                                :
                                                :
Unemployment Compensation                       :
Board of Review,                                :
                                                :
                        Respondent              :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                 FILED: May 22, 2017


Brien L. Readinger (Claimant) petitions *pro se* for review of the June 8, 2016 order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's determination and denied Claimant's request to backdate his application for benefits pursuant to Section 401(c) of the Unemployment Compensation Law (Law)[1] and the Board's regulation at 34 Pa. Code §65.43a. We affirm.

Claimant's last day of work with Reading Area Water Authority (Employer) was March 5, 2016. On March 6, Employer notified Claimant that he was put on suspension, and Employer ultimately terminated his employment on

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(c).

March 14, 2016. Findings of Fact (F.F.) Nos. 6-7. Claimant filed an application for unemployment compensation benefits via the Internet on March 19, 2016, effective March 13, 2016. F.F. No. 1. Claimant was considered financially eligible and received an Unemployment Handbook that explained his rights and responsibilities regarding the filing for benefits. F.F. No. 1-2. Claimant filed his first bi-weekly claim for benefits on March 27, 2016, for waiting week ending March 19, 2016, and compensable week ending March 26, 2016. F.F. No. 4.

On March 29, 2016, Claimant contacted his local service center and requested backdating credit for his application effective March 6, 2016, and credit for waiting week ending March 12, 2016, asserting that he was unaware that he could file for benefits while on a suspension. F.F. Nos. 5-6. The service center denied Claimant's request to backdate his application for benefits, stating that Claimant's application did not meet the requirements for which backdating could be allowed pursuant to Section 401(c) of the Law and 34 Pa. Code §65.43a. Claimant appealed.

A referee held a hearing on April 26, 2016. Claimant, the only participant, testified that he waited until March 29, 2016, to request his application be backdated because he did not know that his suspension would be permanent. Notes of Testimony (N.T.), 04/26/2016 at 10. He explained that his supervisor called to inform him of his suspension and that Employer would be conducting an investigation; Claimant stated that there was no way for him to foresee his ultimate need to file for unemployment compensation benefits. N.T., 04/26/2016 at 6, 10-11.

On April 26, 2016, the referee affirmed the service center's denial of Claimant's request for backdating. The referee concluded that Claimant had

2

received his Unemployment Handbook, he was aware of his rights and responsibilities for filing for unemployment compensation benefits, and there was no evidence that Claimant was misinformed regarding these rights or responsibilities. The referee determined that Claimant waited until March 29, 2016, to request backdating and his reason for not timely filing his application and claim for the waiting week was not included under those enumerated in the regulations.

Claimant appealed to the Board, arguing that he was not aware of his right or responsibility to apply for unemployment compensation benefits during the week in which he was suspended, prior to his permanent separation from employment. On June 8, 2016, the Board determined that Claimant did not credibly establish non-negligent good cause for failing to file when he was first suspended and affirmed the decision of the referee, adopting and incorporating the referee's findings and conclusions. The Board subsequently denied Claimant's request for reconsideration.

On appeal to this Court,[2] Claimant argues that the Board erred in determining that he failed to establish non-negligent good cause for his failure to timely file for the waiting week ending March 12, 2016. Claimant asserts that he

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987). The Board is the ultimate finder of fact in unemployment compensation proceedings. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1389 (Pa. 1985); *Chamoun v. Unemployment Compensation Board of Review*, 542 A.2d 207, 208 (Pa. Cmwlth. 1988). Issues of credibility are for the Board, which may either accept or reject a witness' testimony whether or not it is corroborated by other evidence of record. *Id.* Findings of fact are conclusive on appeal if the record contains substantial evidence to support the findings. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977).

filed his application as timely as he was able because he was suspended pending an investigation and was not informed of his termination until March 13, 2016. Claimant further contends that he had an illness and met the requirements of 34 Pa. Code §65.43a(h), which should entitle him to his requested backdating.[3] We disagree.

Section 401(c) of the Law requires individuals applying for unemployment compensation benefits to make valid applications for benefits with respect to the benefit year for which compensation is claimed and make claims for such compensation in the proper manner and on the form prescribed by the Department of Labor and Industry (Department). 43 P.S. §801(c). The Department regulations governing the filing of applications and requests for backdating state that "[a]n application for benefits is effective on the first day of the calendar week in which the application is filed or deemed filed in accordance with [34 Pa. Code] §65.43a (relating to extended filing), whichever is earlier." 34 Pa. Code §65.42. An application may be backdated from the date of actual filing if one of the reasons outlined in 34 Pa. Code §65.43a(e) applies. 34 Pa. Code §65.43a(c).

The regulation at 34 Pa. Code §65.43a enumerates the circumstances under which an extended filing of an application may be permitted. In pertinent part, it states:

---

[3] Claimant dedicated a significant portion of the argument in his brief to the issue of his eligibility for unemployment compensation benefits, which is not contemplated in this case, but is the subject of a second appeal docketed in this Court at No. 1289 C.D. 2016. The instant case only concerns the issue of backdating for the waiting week and, therefore, this Court will not address the merits of Claimant's eligibility for unemployment compensation benefits here.

4

(a) For a week in which a claimant was employed less than his full time work, the claimant shall file a claim for compensation not later than the last day of the second week after the employer paid wages for that week. If the earliest week for which a claim for compensation is filed in accordance with this subsection precedes the week in which the claimant's application for benefits is filed or deemed filed, as determined without regard to this subsection, the Department will deem the application to be filed during the earliest week for which a claim is filed.

* * *

(c) The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e). The Department will deem the application to be filed during the week that precedes the week of actual filing by the number of weeks indicated in subsection (e).

(d) If a claimant fails to file a claim for compensation within the time allowed in subsection (a) or (b) or §65.43 (relating to claims for compensation—when to file), for a reason listed in subsection (e), the time for filing the claim is extended for the number of weeks indicated in subsection (e).

(e) For purposes of subsections (c) and (d) the number of weeks is determined as follows:

| Reason | Number of weeks |
|---|---|
| The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. | 6 |
| The claimant attempts to file by telephone, Internet or fax transmission in accordance with §65.41 (relating to filing methods), the method used to | 2 |

5

| | |
|---|---|
| attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used. | |
| A UC Office fails to accept a filing as a result of error or mistake by the Department. | 52 |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant. | 2 |

(f) If a claimant fails to file a claim for compensation within the time allowed in subsection (a) or (b) or §65.43 due to the claimant's illness or injury, the time for filing the claim is extended until the last day of the second week after the incapacity ends.

(g) The Department will deem an application for benefits to be filed no more than 2 weeks prior to the week in which it actually is filed if the claimant did not file the application earlier because an employer erroneously advised the claimant that the claimant would be recalled to work within 1 week.

(h) If two or more of the reasons enumerated in subsections (e) and (f) have prevented a claimant from filing a claim for compensation within the time allowed in subsection (a) or (b) or §65.43, the longest extension applies. If adherence to the longest extension would be inequitable to the claimant, the sum of the applicable extensions applies.

(i) Notwithstanding any provision of this section, the Department may not extend the time for filing a claim for compensation more than 52 weeks and may not deem an application for benefits to be filed in a week included in a previous benefit year.

34 Pa. Code §65.43a. The claimant bears the burden of proof in establishing that an application meets the necessary requirements for backdating a claim for benefits. *See Russell v. Unemployment Compensation Board of Review*, 812 A.2d 780, 784-85 (Pa. Cmwlth. 2002); *Menalis v. Unemployment Compensation Board of Review*, 712 A.2d 804, 806 (Pa. Cmwlth. 1998). As a general rule, however, a claimant who files late is ineligible, unless he or she is misled by the Department. *Snipas v. Unemployment Compensation Board of Review*, 401 A.2d 888, 889 (Pa. Cmwlth. 1979).

Here, Claimant testified that he did not timely file for benefits for the weeks at issue, because he believed that his suspension was temporary and he did not realize that he could file for benefits during his suspension. However, Claimant does not argue that he was misled by the Department, and his alleged misunderstanding of his suspension status is not a basis for allowing backdating under 34 Pa. Code §65.43a.

Though Claimant cited illness as his reason for leaving work early on his last day of employment, he asserts his illness as a reason to grant backdating for the first time on appeal before this Court. However, because Claimant did not raise this issue before the Board, it is waived and will not be considered on appeal. Pa. R.A.P. 1551(a); *Grever v. Unemployment Compensation Board of Review*, 989 A.2d 400, 402-03 (Pa. Cmwlth. 2010).

Accordingly, we affirm the Board's order.


_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brien L. Readinger,                      :
                                         : No. 1288 C.D. 2016
              Petitioner                 :
                                         :
              v.                         :
                                         :
Unemployment Compensation                :
Board of Review,                         :
                                         :
              Respondent                 :

## O R D E R

AND NOW, this 22<u>nd</u> day of <u>May</u>, 2017, the order of the Unemployment Compensation Board of Review, dated June 8, 2016, at No. B-16-09-B-2314, B-589822, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge