IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Evelyn Maldonado, : 
                  Petitioner :
                                 :
       v. : No. 1602 C.D. 2023
                                   : Submitted: December 9, 2024
Unemployment Compensation :
Board of Review, :
                  Respondent :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                             FILED: January 9, 2025

Evelyn Maldonado (Claimant) petitions for review of the Unemployment Compensation Board of Review's (Board) November 2, 2023 order (Order) affirming the Unemployment Compensation referee's (Referee) May 12, 2023 decision (Decision) that denied Claimant unemployment compensation (UC) benefits. After review, we affirm.

## I.      <u>Factual and Procedural Background</u>

Claimant submitted a claim for UC benefits under the Unemployment Compensation Law (UC Law),[1] and the UC Service Center determined Claimant did not qualify for benefits under Section 402(b) of the UC Law. Certified Record (C.R.) at 33. Section 402(b) of the UC Law provides, in relevant part, an employee is

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

ineligible for UC benefits when her "unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."   43 P.S. § 802(b). Claimant appealed to the UC Referee.  C.R. 44-46.  The Referee held a hearing, at which Claimant and her counsel participated.  *Id.* at 66.  Employer did not appear. *See id.*   After the hearing, the Referee issued the Decision, which set forth the following Findings of Fact:

1. Claimant was employed full time by Morrison Consulting (Employer) as an Order Fulfillment Manager from March 21, 2022 through August 25, 2022, earning $36,000 per year.
2. Claimant had complained to Employer about rat and mice feces in her office.
3. Claimant declined Employer's offer to move her office to another part of the building.
4. Employer hired a company to exterminate the pests.
5. On July 14, 2022, Claimant was taken by a coworker from work to the emergency room due to feeling dizzy, confused, and weak.
6. Claimant provided medical documentation to Employer excusing her from work July 15, 2022 through July 22, 2022 and that she may return to work without restrictions on July 25, 2022.
7. After attending a medical appointment on July 27, 2022, Claimant provided documentation to Employer excusing her from work through August 5, 2022.
8. Claimant returned to work from August 8, 2022 through August 25, 2022.
9. On August 26, 2022, Claimant called off work and began another leave of absence.
10. On September 7, 2022, Claimant sent an email to Employer informing that because she was no longer able to access the company computer system, she would be picking up her personal belongings.
11. On September 9, 2022, Employer sent a response informing that restricting Claimant's access from the computer system was not a termination of employment and she was still considered on a leave of absence. Employer also explained that her September 7, 2022 email appeared to sound like Claimant was resigning the employment and asked for clarification as to whether that information was accurate.
12. On September 16, 2022, Claimant sent Employer an email informing that she is resigning her position and inquired about how to get her belongings.

13. Claimant did not inform Employer why she was resigning.

14. Claimant feels that she can only work part-time due to her health issues.

C.R. at 83.

The Referee reasoned Claimant, under Section 402(b) of the UC Law, 43 P.S. § 802(b), was ineligible for UC benefits because she voluntarily left work without establishing a necessitous and compelling reason for doing so. C.R. at 84. The Referee determined that while Claimant believed her exposure to rodent feces and pesticides may have caused her health problems, her speculation did not support a finding Claimant resigned due to "legitimate medical issues caused by the work environment." *Id.* The Referee also found Claimant resigned before allowing Employer to correct any pest issue. *Id.*

Claimant appealed the Referee's Decision to the Board. *Id.* at 92. The Board concluded the Decision was proper under the UC Law, and it adopted the Referee's findings and conclusions. *Id.* at 101. The Board noted Claimant specifically testified her healthcare provider did not advise her to resign because her job was making her sick. *Id. at* 101-02. The Board further noted Claimant did not accept Employer's offer to move her to another office. *Id.* at 102. The Board's Order affirmed the Referee's Decision denying Claimant UC benefits. *Id.* Claimant now appeals to this Court. Initially, she submitted a *pro se* letter, but then she submitted a Petition for Review.

On appeal, Claimant argues her medical issues constituted a necessitous and compelling reason for her to resign from employment. *See generally* Claimant's Br. Employer argues Claimant waived her claims by failing to address them in her brief, and even if not waived, her appeal is without merit. *See generally* Employer's Br. Employer contends Claimant is ineligible for UC benefits because she failed to

3

establish her medical problems were a necessitous and compelling reason to quit her employment.

## II. Discussion

This Court's "review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Hope v. Unemployment Comp. Bd. of Rev.*, 308 A.3d 944, 947 n. 5 (Pa. Cmwlth. 2024). Substantial evidence is "such relevant evidence which a reasonable mind would accept as adequate to support a conclusion." *Cambria Cnty. Transit Auth. (CamTran) v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (citation omitted). This Court must "examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony" to determine if substantial evidence exists for the Board's findings. *Id.* Further, in UC cases, it is well settled that the Board is the ultimate fact finder and is entitled to make determinations on witness credibility and evidentiary weight. *Id.*

We begin by addressing whether Claimant preserved any issues for appellate review. Employer contends Claimant waived any issues on appeal by failing to address them in her Brief. Employer's Br. at 1. Because we construe *pro se* pleadings liberally, *Hill v. Pennsylvania Department of Corrections*, 271 A.3d 569, 578 (Pa. Cmwlth. 2022), we conclude Claimant's Brief provided sufficient detail to enable us to address the issue of whether Claimant established she had a compelling and necessitous reason to resign her employment.

Under Section 402(b) of the UC Law, because Claimant voluntarily terminated her employment, she must prove she did so due to a necessitous and compelling cause. *Taylor v. Unemployment Comp. Bd. of Rev.,* 378 A.2d 829, 831 (Pa. 1977). To demonstrate a necessitous and compelling cause, Claimant must establish "1) circumstances existed which produced real and substantial pressure to terminate employment; 2) like circumstances would compel a reasonable person to act in the same manner; 3) she acted with ordinary common sense; and 4) she made a reasonable effort to preserve her employment." *Cent. Dauphin Sch. Dist. v. Unemployment Comp. Bd. of Rev.,* 893 A.2d 831, 832 (Pa. Cmwlth. 2006) (citation omitted).

Here, Claimant alleges her medical issues provided a compelling and necessitous reason for leaving her employment. Medical conditions can constitute a necessitous and compelling reason for quitting, but a claimant must "(1) establish, through competent evidence, the existence of a medical condition; (2) inform the employer of the condition; and (3) be able and available to work if a reasonable accommodation can be made." *St. Clair Hosp. v. Unemployment Comp. Bd. of Rev.,* 154 A.3d 401, 405 (Pa. Cmwlth. 2017) (citation omitted). A claimant's "failure to meet any one of those conditions will bar her claim for unemployment compensation benefits." *Ruckstuhl v. Unemployment Comp. Bd. of Rev.,* 426 A.2d 719, 721 (Pa. Cmwlth. 1981).

In her brief, Claimant attributes her medical issues to "continued exposure to dangerous substances, including pesticides, rat [feces], and the COVID-19 virus." Claimant's Br. at § 8.[2] Claimant testified about her healthcare providers but did not introduce their testimony or offer documentary evidence from them.

---

[2] Claimant's brief is not paginated but does use numbered sections, and we refer to section numbers for ease of reference.

5

Claimant stated her family doctor "[was not] able to say with certainty what caused [her] illness." C.R. at 75. Claimant failed to establish, through competent evidence, the existence of any medical condition or attribute any condition to her workplace. In her brief, Claimant refers to the "Orkin files" to support her claims about pests and pesticides, but she did not introduce any evidence on this front. *See* Claimant's Br. § 9. We echo the Referee's observation that Claimant's speculation does not support a finding she resigned due to a medical issue caused by the workplace. In her brief, Claimant makes claims about her health issues and posits causes for them, but Claimant does not address the Referee's findings of fact, suggest the Board erred in adopting them, or argue substantial evidence did not support them. Rather, Claimant's brief offers a narrative of her situation and poses questions unsuitable for appellate review.

Claimant further failed to satisfy the test for a medical condition to be a necessitous and compelling reason for terminating employment because she refused a reasonable accommodation. Employer offered to move Claimant to another office, and she refused. She testified moving her workplace "wouldn't make a difference." C.R. at 74. Claimant alleged "other employees had also complained about the rat feces" and the problem was "in the whole building." *Id.* However, the record contains no evidence of other employees' complaints and, aside from Claimant's testimony, no evidence of a pest issue. Even if Claimant established a pest issue, she still failed to connect it to her health conditions. Claimant refused a reasonable accommodation and, therefore, she failed to satisfy the test for establishing a medical condition constituted a necessitous and compelling reason for her to terminate her employment.

6

While Claimant makes factual allegations throughout her brief, we, like the Board, are "bound by the record below, and . . . cannot accept allegations of fact that are not supported by record evidence." *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 477, 484 (Pa. Cmwlth. 2021). Moreover, the Board's findings, which are supported by the record, are conclusive on appeal. *See Cambria Cnty.,* 201 A.3d at 947.

### III. Conclusion

Claimant failed to establish her medical issues constituted a necessitous and compelling reason for voluntarily terminating her employment. Furthermore, Claimant did not establish "1) circumstances existed which produced real and substantial pressure to terminate employment; 2) like circumstances would compel a reasonable person to act in the same manner; 3) she acted with ordinary common sense; and 4) she made a reasonable effort to preserve her employment." *Cent. Dauphin Sch. Dist.*, 893 A.2d at 832 (citation omitted). Accordingly, we discern no error in the Board's Order, and we affirm.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Evelyn Maldonado,                :
             Petitioner   :
                 :
    v.               :  No.  1602 C.D. 2023
                 :
Unemployment Compensation   :
Board of Review,           :
          Respondent :

## **O R D E R**

**AND NOW**, this 9th day of January 2025, the November 2, 2023 order of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____
STACY WALLACE, Judge