827 A.2d 422

Karen GRIEB, Appellant

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW, Appellee,

State College Area School District, Intervenor.

Supreme Court of Pennsylvania.

Argued Dec. 4, 2002.

Decided June 27, 2003.

William A. Hebe, Jeffrey S. Loomis, Wellsboro, for Karen Grieb, appellant.

Kelly Kathleen Smith, Lititz, Clifford F. Blaze, Harrisburg, for Unemployment Compensation Bd. of Review, appellee.

David B. Consiglio, Altoona, Scott Charles Etter, John R. Miller, Bellefonte, for State College Area School District, intervenor.

Before: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## OPINION

JUSTICE NEWMAN.

Appellant Karen Grieb (Grieb) seeks review of an Order of the Commonwealth Court, which affirmed the decision of the Unemployment Compensation Board of Review (Board) to deny the request of Grieb for unemployment benefits in accordance with the determination of the Unemployment Compensation Referee (Referee) that Grieb engaged in willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law,[1] thereby disqualifying her from receiving unemployment compensation.

### FACTS AND PROCEDURAL HISTORY

The State College Area School District (District) employed Grieb as a part-time health and physical education teacher. In 1997, the Board of School Directors adopted a Weapons Policy[2] for the District, which prohibits the possession of weapons in any District building or on school property.

Grieb explained that on the evening of September 14, 1999, she was in the process of moving to a new residence after losing her home in an eminent domain proceeding. She loaded her car with her personal belongings, which included books, lamps, clothing, CDs, and three unloaded shotguns. One shotgun was placed on the back seat of her car and the other two shotguns on the floor of her vehicle. Grieb said that she left these items in the car overnight because it was raining

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937), *as amended*, 43 P.S. § 802(e). Section 402(e) renders an employee ineligible for unemployment compensation benefits where his or her "unemployment is due to his [or her] discharge or temporary suspension from work for willful misconduct connected with" that work.

2. Paragraph two of the Weapons Policy enacted by the District provides:

   The State College Area School District prohibits possession of weapons in any school district building, on school property, at any school sponsored activity, and in any public conveyance providing transportation to or from school or a school sponsored activity. If weapons are found in the schools, the [District] will take all appropriate steps to remove the weapons and carry out the relevant provisions of Act 26 of 1995.

   Supplemental Reproduced Record at 7b.

when she arrived at her new residence and she intended to unload the items before leaving for work the next morning.

At approximately 6:00 a.m., the District unexpectedly called Grieb requesting that she fill-in for another teacher immediately even though she was not scheduled to work until 11:30 a.m. Grieb agreed to substitute teach and proceeded to school, forgetting that the three unloaded shotguns were in her car. Upon arriving on school property, Grieb parked her car in an area of the parking lot that was for staff members only and she locked the door after exiting the vehicle. At approximately 2:45 p.m., a custodian who parked beside Grieb's car noticed the weapons in the car and alerted the school administration. The District subsequently suspended Grieb without pay.

Grieb sought unemployment benefits. The Referee found that Grieb violated the District's Weapons Policy by transporting three shotguns onto school property, and that she had no justification for her actions. In denying Grieb's request for unemployment benefits, the Referee concluded that she had engaged in willful misconduct, rendering her ineligible for compensation pursuant to Section 402(e). The Board affirmed the Referee's decision and the Commonwealth Court affirmed the decision of the Board. The Commonwealth Court held that Grieb violated the District's Weapons Policy by parking a car that contained three unloaded shotguns on school property. Furthermore, it determined that the explanation of Grieb that she forgot the unloaded shotguns were in the vehicle at the time she parked her car on school property did not establish good cause to violate the policy. The Commonwealth Court recognized that an unintentional, inadvertent violation of an employer's work rule does not constitute willful misconduct. However, it determined that an exception to that general rule exists where the conduct of an employee "could jeopardize an employer's effective operations or place the public at risk." *Grieb v. Unemployment Compensation Board of Review,* 767 A.2d 1138, 1141 (Pa.Cmwlth.2001) (citing *United Refining Co. v. Unemployment Compensation Board of Review,* 661 A.2d 520 (Pa.Cmwlth.), *appeal denied,* 543 Pa. 721, 672 A.2d 312 (1995)).

## DISCUSSION

■ This case involves the question of whether the conduct of Grieb rises to the level of willful misconduct that is required to disqualify her from receiving unemployment compensation pursuant to Section 402(e).

■ This Court should affirm a determination of the Board "unless the adjudication violates the constitutional rights of the appellant, the adjudication is contrary to law, there is a violation of the Board's procedure, or a finding of fact necessary to the decision is not supported by substantial evidence." *Myers v. Unemployment Compensation Board of Review*, 533 Pa. 373, 625 A.2d 622, 624 (1993). The issue of whether the actions of an employee constitute willful misconduct is a question of law that is subject to the review of this Court. *Temple University v. Unemployment Compensation Board of Review*, 565 Pa. 178, 772 A.2d 416, 418 n. 1 (2001).

■ Grieb argues that her one-time, inadvertent act does not rise to the level of willful misconduct that is required to deny her request for unemployment benefits. We find this contention to be meritorious. We do not dispute that the District was clearly within its rights to terminate Grieb's employment due to her violation of the District's weapons policy. However, we disagree with the determination of the Commonwealth Court that she was ineligible to receive unemployment compensation because: (1) there was no showing of willful misconduct; and (2) this Court has not adopted a public policy exception to Section 402(e).

■ Section 402 sets forth a number of situations where an employee must be precluded from receiving unemployment benefits. Section 402 provides, in relevant part, as follows:

An employe[e] shall be ineligible for compensation for any week—

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act.

43 Pa.C.S. § 402. While the statute does not define "willful misconduct," we have held that "willful misconduct" in the unemployment compensation context means:

(a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rules; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Navickas v. Unemployment Compensation Review Board*, 567 Pa. 298, 787 A.2d 284, 288 (2001). The Commonwealth Court determined that Grieb did not establish good cause for her violation of the District's weapons policy, and that her actions, therefore, constituted willful misconduct. However, an employee's negligence constitutes willful misconduct only where:

it is of 'such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.'

*Myers*, 625 A.2d at 625 (quoting *Coleman v. Unemployment Compensation Board of Review*, 47 Pa.Cmwlth. 113, 407 A.2d 130, 131–132 (1979)). We have explained that "an employer cannot demonstrate willful misconduct by merely showing that an employee committed a negligent act, but instead must present evidence indicating that the conduct was of an intentional and deliberate nature." *Myers*, 625 A.2d at 625 (internal citation omitted). Furthermore, this Court has acknowledged that a determination of whether an action constitutes willful misconduct requires a consideration of "all of the circumstances, including the reasons for the employee's noncompliance with the employer's directives." *Rebel v. Unemployment Compensation Board of Review*, 555 Pa. 114, 723 A.2d 156, 158 (1998).

Here, the circumstances surrounding Grieb's violation of the District's Weapons Policy and the reasons for such conduct are undisputed; indeed, the District admitted that Grieb was in the process of moving and forgot that the unloaded shotguns were in her vehicle. An analysis of all of the circum-

stances surrounding Grieb's noncompliance with the District's Weapons Policy reveals that Grieb did not intentionally fail to remove the unloaded shotguns from her vehicle, but instead that her transgression was due to all of the stresses in her personal life combined with the fact that the District unexpectedly called Grieb approximately six hours before she was scheduled to work and asked her to substitute teach because of a school emergency. There is no indication in the record that the conduct of Grieb was recurring or that it involved a substantial disregard of the District's interest. *See Myers,* 625 A.2d at 625. Here, instead, the record reflects that the actions of Grieb were merely negligent and not intentional or deliberate.

Section 402(e) provides that a claimant cannot receive unemployment benefits if her actions involve willful misconduct. Thus, it follows that if an action does not involve willful misconduct, the claimant must receive benefits. Although we do not condone a teacher bringing weapons onto school property, we do not believe that the inadvertent violation of the District's Weapons Policy by Grieb is serious enough to be considered inimical to the interests of the District or to warrant a determination that she is ineligible for unemployment compensation. Therefore, we disagree with the Commonwealth Court and hold that Grieb's one-time, inadvertent violation of the District's Weapons Policy did not rise to the level of willful misconduct necessary to disqualify her from receiving unemployment benefits.

In this case, the Commonwealth Court acknowledged that an unintentional, inadvertent violation of an employer's work rule does not generally constitute willful misconduct; however, the Commonwealth Court had previously adopted an exception to this rule determining that an employee's actions constitute willful misconduct if those actions "jeopardize an employer's effective operations or place the public at risk." *United Refining Company,* 661 A.2d at 523 (employee's conduct constituted disqualifying willful misconduct where his negligence caused an oil spill that put his employer in a position where the effective operation of employer's business

could have been jeopardized, and these actions had the potential to place the public at risk); *See Holly v. Unemployment Compensation Board of Review,* 151 Pa.Cmwlth. 450, 617 A.2d 80 (1992), *overruled by, Navickas v. Unemployment Compensation Review Board,* 567 Pa. 298, 787 A.2d 284, 288 (2001) (a higher standard of care applies to health care workers and, therefore, where the inadvertent failure of a phlebotomist to label a patient's blood sample in accordance with hospital procedure constituted willful misconduct); *See also Lower Gwynedd Township v. Unemployment Compensation Board of Review,* 44 Pa.Cmwlth. 646, 404 A.2d 770 (1979) (a higher standard of care applies to law enforcement officers where their inadvertent, non-intentional conduct could jeopardize their employer's essential functions). The Commonwealth Court has carved out this public safety exception "based on a case by case analysis, to the general rule that inadvertence is a defense to an employee's violation of an employer's work rule." *United Refining Company,* 661 A.2d at 523. The Commonwealth Court, in the matter *sub judice,* determined that the District proved that the actions of Grieb in transporting three shotguns onto school property threatened public safety. Therefore, the Commonwealth Court determined that Grieb committed willful misconduct, rendering her ineligible for unemployment benefits.

We decline to adopt this public safety exception because the General Assembly did not provide for it in Section 402, which sets forth the specific situations where an employee should be disqualified from receiving unemployment benefits. Furthermore, we believe that through the adoption of this exception, the Commonwealth Court impermissibly imported a higher standard of care for employees than is required by Section 402(e). In *Navickas,* we held that the Commonwealth Court's *ad hoc* adoption of a higher standard of care for health care workers, which allowed inadvertence or negligence to be deemed willful misconduct pursuant to Section 402(e), was improper. 787 A.2d at 288–89. When the General Assembly set forth willful misconduct as the applicable standard in Section 402(e) it did not differentiate between fields of employ-

ment or the nature of the work in a particular field. Section 402(e) does not support judicial constructions permitting *ad hoc* exceptions to the willful misconduct standard. We have recognized that:

> The Unemployment Compensation Law was enacted to alleviate the hardships attendant upon unemployment. It is a remedial statute designed to provide support for workers who are unemployed except for those disqualified by one of the specific provisions of Section 402. The relevant exception provided in § 402 is the willful misconduct standard itself. The Courts are not authorized to dilute this standard premised upon perceived special needs of various occupations or employers. Any such request, being in essence a question of policy, is more properly directed to the General Assembly.

*Navickas,* 787 A.2d at 291 (internal citations omitted). The General Assembly has determined through its enactment of Section 402(e) that if an employer discharges an employee because of willful misconduct, the employee is not entitled to unemployment compensation. Because the Commonwealth Court's adoption of the public safety exception to this rule contravenes what the General Assembly provided for in Section 402(e), its application by the Commonwealth Court was improper. We are bound by the express words of the statute and cannot alter them to suit our own public policy predilections.

## CONCLUSION

Considering, as we must, all of the facts and circumstances surrounding the transportation of the unloaded shotguns onto school property by Grieb, we conclude as a matter of law that the one-time, inadvertent violation of the District's weapons policy by Grieb does not constitute willful misconduct. Accordingly, we reverse the determination of the Commonwealth Court affirming the denial of unemployment compensation benefits to Grieb.

Former Chief Justice ZAPPALA did not participate in the consideration or decision of this case.

Justice EAKIN dissents and would affirm on the basis of the Commonwealth Court's Opinion.