# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tangela Renee Alexander, : 
                    Petitioner : 
                    : 
         v. : No. 1220 C.D. 2015
                    : Submitted: November 25, 2015
Unemployment Compensation : 
Board of Review, : 
                 Respondent : 

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: January 13, 2016**

In this appeal, Tangela Renee Alexander (Claimant), representing herself, asks whether the Unemployment Compensation Board of Review (Board) erred in determining she was ineligible for unemployment compensation (UC) benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] (relating to willful misconduct). Claimant contends the Board's determination of willful misconduct is erroneous and is not supported by substantial evidence. Upon review, we affirm.

Claimant worked for Walmart (Employer) as a full-time checkout supervisor from April 2010 until her last day of work on March 6, 2015. After her

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

separation from employment, Claimant applied for UC benefits, which a local service center granted. Employer appealed, and a referee held a hearing.

At the hearing, the referee heard testimony and received evidence from Claimant and William C. Stickley, Jr., Employer's asset protection employee (Employer's Witness). Based on the evidence presented, the referee determined Claimant committed willful misconduct by misappropriating Employer's funds. The referee concluded Claimant was ineligible for UC benefits under Section 402(e) of the Law. Claimant appealed.

The Board, based on the record created at the referee's hearing, found the following facts. Employer maintains a policy prohibiting the misappropriation of company property. A violation of this policy is cause for immediate discharge. Claimant was aware of Employer's policy. Bd. Op., 6/26/15, Findings of Fact (F.F.) Nos. 2-3.

Employer suspected that Claimant misappropriated funds from gift cards, and it conducted an investigation. The investigation revealed Claimant fraudulently activated store gift cards and then used the cards for personal purchases. Claimant herself admitted she loaded money onto the gift cards for her personal use. She defended that her supervisor gave her permission to load and use the gift cards in this manner. F.F. Nos. 4-7.

On March 6, 2015, Employer discharged Claimant for misappropriating company property. Employer also discharged the supervisor involved. F.F. Nos. 7-8.

Ultimately, the Board concluded Claimant misappropriated funds for her personal use in violation of Employer's policy. Her defense that she acted with the authorization of her supervisor did not provide good cause for theft. Thus, the Board determined Claimant was ineligible for benefits under Section 402(e) of the Law. Claimant's petition for review to this Court followed.

On appeal,[2] Claimant argues the Board's determination of willful misconduct is erroneous and is not supported by substantial evidence. According to Claimant, Employer routinely gave monetary donations and gift cards to Claimant over the course of her employment, not just during the investigation period. Claimant contends she used the gift cards for charitable organizations with her supervisor's knowledge and permission. Claimant asserts she did not know the gift cards were not to be used in this manner.

Section 402(e) of the Law provides, "[a]n employe shall be ineligible for compensation for any week … [i]n which [her] unemployment is due to [her] discharge … from work for willful misconduct connected with [her] work …." 43 P.S. §802(e). "[W]illful misconduct is defined by the courts as: (1) wanton and

---

[2] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth.), appeal denied, 97 A.3d 746 (Pa. 2014).

willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations." Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006, 1009 (Pa. Cmwlth.), appeal denied, 97 A.3d 746 (Pa. 2014) (citing Grieb v. Unemployment Comp. Bd. of Review, 827 A.2d 422 (Pa. 2002)).

The employer bears the initial burden of proving a claimant engaged in willful misconduct. Id. When asserting a discharge based on a violation of a work rule, an employer must establish the existence of the rule, the reasonableness of the rule, the claimant's knowledge of the rule, and its violation. Id. (citing Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008)).

However, where the conduct at issue is so inimical to the employer's best interest that discharge is the natural result, an established rule is not required for a finding of willful misconduct. Matthews v. Unemployment Comp. Bd. of Review, 86 A.3d 322 (Pa. Cmwlth.), appeal denied, 97 A.3d 746 (Pa. 2014) (citing Biggs v. Unemployment Comp. Bd. of Review, 443 A.2d 1204 (Pa. Cmwlth. 1982)). An employee's theft from an employer is a clear example of the type of intentional and substantial disregard of the employer's interest, which is disqualifying under Section 402(e) of the Law. On Line Inc. v. Unemployment Comp. Bd. of Review, 941 A.2d 786 (Pa. Cmwlth. 2008). Even one isolated

4

instance of theft may be sufficient to constitute willful misconduct. Pedersen v. Unemployment Comp. Bd. of Review, 459 A.2d 869, 872 (Pa. Cmwlth. 1983).

Once an employer meets its burden, the burden shifts to the employee to prove good cause for her actions. Johns. An employee establishes good cause where her actions are justified or reasonable under the circumstances. Docherty v. Unemployment Comp. Bd. of Review, 898 A.2d 1205 (Pa. Cmwlth. 2006).

Further, in UC cases, the Board is the ultimate fact-finder and is empowered to resolve all issues of witness credibility, conflicting evidence and evidentiary weight. Ductmate. It is irrelevant whether the record contains evidence that would support findings other than those made by the Board; the proper inquiry is whether the evidence supports the findings actually made. Id. Additionally, the party prevailing below is entitled to the benefit of all reasonable inferences drawn from the evidence. Id.

With regard to Claimant's substantial evidence claim, Claimant does not specifically challenge any of the Board's factual findings in her petition for review or in her statement of questions involved or otherwise develop the issue in her brief. Where a claimant does not challenge any specific findings of fact, the Board's findings are conclusive on appeal. Campbell v. Unemployment Comp. Bd. of Review, 694 A.2d 1167 (Pa. Cmwlth. 1997).

Notwithstanding, the Board's relevant findings that Claimant misappropriated Employer's funds in violation of its asset protection policy are

5

amply supported by substantial evidence in the record. Employer's Witness testified when a customer signs up for a new membership with Sam's Club, the customer is eligible to receive up to a $25 gift card. Certified Record (C.R.), Item No. 10, Referee's Hr'g, Notes of Testimony (N.T.), 5/4/15, at 4. A promotional code is used to load a gift card with the money. Id. Employer's Witness testified Claimant activated a large number of gift cards using the promotional code. Id. at 5. She used the gift cards to upgrade members, with or without their knowledge of the upgraded membership, and then she used the remaining balance to purchase products for herself. Id. at 4, 7. Employer's Witness further testified Claimant was observed cashing out the remaining balance on gift cards, after they were used for the membership upgrade, and keeping the money. Id. at 4. In total, Claimant loaded 1,413 gift cards, whose value equaled $35,325, from December 2014 until March 2015. Id. at 5, 9; C.R., Item No. 6, Ex. 8.

Claimant testified she was aware of Employer's asset protection policy. N.T. at 9. Significantly, Claimant admitted she used some of the gift cards for personal purchases, as well as to help her household and her parents. Id. at 12; C.R., Item No. 6, Ex. 9. In her written statement to Employer, Claimant confessed:

> I did it and I will accept what is to come. I do know right from wrong [and] I knew that reports, cameras, [and] information [do not] lie. At a weak [and] stressful moment in my life, I fell into the hands of greed, but it wasn't for myself, it was to benefit others in my life.

C.R., Item No. 6, Ex. 9. As a result of her actions, Claimant was arrested at the store and charged. N.T. at 6-7, 8. Upon review, the Board's findings that

6

Claimant misappropriated company property for personal use in violation of its policy are supported by substantial evidence.

Turning to Claimant's argument that the Board erred in determining Claimant was ineligible for UC benefits, the uncontested facts support disqualification for willful misconduct. Claimant violated Employer's policy prohibiting the misappropriation of company property. Even if Employer did not have such a policy in place, Claimant's acts of misappropriating store gift cards for personal use amounted to theft and constituted a complete disregard of Employer's interests and the standards of behavior it could rightfully expect from an employee. See On Line Inc.; Pedersen.

Contrary to Claimant's assertions, she did not prove good cause for her actions. Claimant asserted she acted with her supervisor's permission. N.T. at 10, 12. However, Claimant knew about Employer's asset protection policy. Id. at 9. She also knew her conduct was wrong.[3] See C.R., Item No. 6, Ex. 9.

To the extent Claimant attempts to argue her actions did not constitute willful misconduct because she used the gift cards to purchase items for charitable organizations, this argument is unavailing. Claimant admitted using some of the gift cards for personal use. N.T. at 12; see C.R., Item No. 6, Ex. 9. The fact that Claimant may have used some of the misappropriated funds for charitable purposes

_____

[3] In her brief, Claimant asserts her last general manager, upon learning of the scheme, told her the entire process was fraudulent. Pet'r's Br. at 11.

7

did not negate the wrongdoing. Her misappropriation of Employer's property amounted to disqualifying theft.

Finally, insofar as Claimant challenges the referee's refusal to admit Claimant's exhibit (marked as Ex. C1) into evidence, this argument also fails. The proffered exhibit is a letter, dated March 18, 2015, from a church thanking Employer for donations in the form of gift cards over the last three years. C.R., Item No. 10, Ex. C1. The referee did not accept the letter as evidence because it did not list the days or amounts or any specifics regarding the donations made. N.T. at 12. Even if admitted, the letter does not prove that Claimant did not misappropriate funds for her personal use or otherwise provide just cause for her actions.

In conclusion, the record contains substantial evidence to support a termination for willful misconduct. Claimant did not establish good cause for her actions. Therefore, the Board did not err in determining Claimant was ineligible for UC benefits under Section 402(e) of the Law.

Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tangela Renee Alexander,             :
                    Petitioner       :
                                     :
        v.                           :    No. 1220 C.D. 2015
                                     :
Unemployment Compensation            :
Board of Review,                     :
                    Respondent       :

# O R D E R

AND NOW, this 13th day of January, 2016, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge