# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathiren L. Quiambao,           :
                 Petitioner    :
                                    :
         v.                         :    No. 1247 C.D. 2015
                                    :    Submitted: January 29, 2016
Unemployment Compensation    :
Board of Review,                  :
                   Respondent    :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                   **FILED: March 23, 2016**

Kathiren L. Quiambao (Claimant) petitions this Court for review of an order of the Unemployment Compensation Board of Review (Board), denying Claimant unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1] For the reasons discussed below, we affirm.

> The facts as found by the Board are as follows:
>
> 1. The claimant was employed by Santander/Sovereign Bank [(Employer)] as a teller at the rate of $11.22 per hour which began October 31, 2012 and last worked on February 2, 2015.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

2. The employer's code of conduct states in relevant part: "All records should accurately reflect transactions in a timely manner. Incorrect o[r] misleading entries shall be corrected immediately. Falsification of records or transactions shall be grounds for termination."

3. The claimant was aware of this provision.

4. The employer's handbook states that fraud, dishonesty or theft, including falsification of bank or employment records may result in immediate discharge.

5. This provision also prohibits "the disregard or violation of any transaction restriction or procedures."

6. The claimant was aware of these provisions.

7. At the end of the day tellers must settle their drawers.

8. This involves actually counting the money in one's drawer and transferring the information on a "money movement document" that is imputed into the employer's system.

9. The employer also has a similar procedure to settling the vault as it also involves the actual counting of money in the vault before placing that information on the Money Movement Document.

10. When an employee signs a Money Movement Document they are verifying that the amounts listed are the correct amounts.

11. On January 8, 2015, the vault settlement was under dual control of the claimant and the head teller.

12. This means that each were required to count the cash in the vault to verify the information placed on the Money Movement Document.

13. Both the head teller and the claimant signed the completed Money Movement Document for the vault at the end of the day.

14. The claimant then imputed the information from the Money Movement Document into the employer's system.

15. The employer subsequently discovered that the vault settlement was $500.00 off.

16. The employer conducted an investigation during which the claimant admitted that she never counted the money in the vault and she just relied upon the numbers put on the Money Movement Document for the vault by the head teller.

17. The employer also learned that the head teller never counted the money in the vault as well.

18. Because the claimant deliberately signed the Money Movement Document without counting the money in the vault, the employer considered the claimant's actions to be a form of dishonesty.

19. The claimant alleges in her testimony that she did not count the money in the vault because the head teller had already completed the Money Movement Document, and she told the claimant to just sign it.

20. The claimant never made such an assertion when the employer was conducting its investigation.

21. The employer discharged both the claimant and the head teller for dishonesty.

(Certified Record (C.R.), Item No. 11 at 1-3.)

The Board concluded that Claimant was ineligible for benefits:

Based upon the above Findings [of Fact], which are supported by the employer's credible testimony, the Board concludes that the claimant's deliberate policy violations rise to the level of willful misconduct. The claimant was aware of the employer's prohibition against dishonesty and *she knew that she was required to actually count the cash when settling the vault on January 8, 2015*. She also knew that when she signed the Money Movement Document on January 8, 2015, she was verifying that the amounts listed were the correct amounts. *The claimant deliberately violated employer policy when she signed the Money Movement Document*

3

*without ever counting the money in the vault* and simply relied upon the numbers put on the document by the head teller. *The Board does not find credible the claimant's assertion that the head teller told her to do so and that she was only following orders.* Therefore, the claimant is ineligible for benefits under Section 402(e) of the Law.

(C.R., Item No. 11 at 3 (emphasis added).)

On appeal to this Court,[2] Claimant, appearing pro se, argues that the Board's findings are not supported by substantial evidence and that the Board erred as a matter of law in concluding that her actions constituted willful misconduct.

Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence. *Id.* A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the record as a whole. *Taylor v. Unemployment Comp. Bd. of Review*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal only so long as the record, taken as a whole, contains substantial evidence to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984). "The fact that [a party] may have produced witnesses who gave a different version of the events, or that [the party] might view

---

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." *Tapco, Inc. v. Unemployment Comp. Bd. of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Similarly, even if evidence exists in the record that could support a contrary conclusion, it does not follow that the findings of fact are not supported by substantial evidence. *Johnson v. Unemployment Comp. Bd. of Review*, 504 A.2d 989, 990 (Pa. Cmwlth. 1986). The Board, as the finder of fact, is empowered to resolve conflicts in the evidence and make credibility determinations, and we may not disturb those resolutions on appeal. *See Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1388 (Pa. 1985) ("Questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the Board, and are not subject to re-evaluation on judicial review.").

Claimant does not identify specific Findings of Fact as unsupported by substantial evidence. Claimant states that "her Supervisor, who instructed her to sign the Document and miscounted the figures, was neither terminated nor disciplined in any way." (Claimant's Br. at 13.) This appears to be a challenge to Finding of Fact No. 21, which states that Employer discharged the head teller as well as Claimant. This finding is clearly supported by substantial evidence, however, because Employer's branch manager testified that the head teller was discharged. (C.R., Item No. 8 at 11.) Furthermore, the Board explicitly credited Employer's testimony, thus resolving any evidentiary conflicts in Employer's favor. (C.R., Item No. 11 at 3.) Next, Claimant essentially argues that the Board's findings are not supported by substantial evidence because the Board did not credit her testimony that she was only following orders when she failed to count the money in the vault prior to signing off on the Money Movement Document.

5

Credibility determinations, however, are within the sole province of the Board and are not subject to re-evaluation by this Court. *See Peak*, 501 A.2d at 1388. We conclude, therefore, that the Board's Findings of Fact are supported by substantial evidence.[3]

Claimant argues that the Board erred in concluding that her behavior constituted willful misconduct. Whether or not an employee's actions amount to willful misconduct is a question of law subject to review by this Court. *Nolan v. Unemployment Comp. Bd. of Review*, 425 A.2d 1203, 1205 (Pa. Cmwlth. 1981). Section 402(e) of the Law provides, in part, that an employee shall be ineligible for compensation for any week in which "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." The employer bears the burden of proving that the claimant's unemployment is due to the claimant's willful misconduct. *Walsh v. Unemployment Comp. Bd. of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). The term "willful misconduct" is not defined by statute. The courts, however, have defined "willful misconduct" as:

> (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rule; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Grieb v. Unemployment Comp. Bd. of Review*, 827 A.2d 422, 425 (Pa. 2003). Where a claimant is discharged for a work rule violation, the employer bears the

---

[3] To the extent Claimant may have attempted to challenge other findings, we have reviewed the record and conclude that there is ample evidence to support the Board's Findings of Fact.

6

burden of proving the existence of the work rule, and that the claimant violated the rule. *Caterpillar, Inc. v. Unemployment Comp. Bd. of Review*, 703 A.2d 452, 456 (Pa. 1997). The burden then shifts to the claimant to show that she had good cause for violating the rule. *ATM Corp. of Am. v. Unemployment Comp. Bd. of Review*, 892 A.2d 859, 865 (Pa. Cmwlth. 2006).

Here, Claimant does not dispute that she violated Employer's policy requiring her to count the cash in the vault before signing off on the Money Movement Document. Instead, Claimant argues that her violation of the policy does not rise to the level of willful misconduct for three reasons: (1) the failure to follow Employer's policy was an isolated incident; (2) she was not willfully attempting to commit misconduct; and (3) her behavior was justified because she was simply following her supervisor's instructions.

Although Claimant is correct in her assertion that a single instance of misconduct does not always rise to the level of willful misconduct, "[t]his Court has stated several times before that a single dereliction of duty may constitute willful misconduct, where such conduct is more than of a minor, casual or insignificant nature, and where, as here, there is a knowing violation of an [e]mployer's instructions." *Maikits v. Unemployment Comp. Bd. of Review*, 456 A.2d 1157, 1159 (Pa. Cmwlth. 1983). We do not view Claimant's failure to verify the amount of money in Employer's vault as minor, casual, or insignificant in nature, and Claimant offers no argument as to why her violation should be viewed as such. As to Claimant's second assertion, we note that an intent to commit misconduct is unnecessary; it is sufficient that Claimant deliberately violated Employer's policy. *See Grieb*, 827 A.2d at 425 (defining willful misconduct as a "deliberate violation of an employer's rule"). Lastly, as to

Claimant's argument that her violation of Employer's policy was justified because she was following her supervisor's instructions, we note that the Board explicitly rejected Claimant's testimony on this issue, finding that "[C]laimant's assertion that the head teller told her to do so and that she was only following orders" was not credible. (C.R., Item No. 11 at 3). As noted above, credibility determinations are within the sole province of the Board and are not subject to re-evaluation by this Court. *See Peak*, 501 A.2d at 1388. Because the Board rejected Claimant's testimony as not credible, there is no evidence in the record on which we could base a conclusion that Claimant's actions were justified. We, therefore, reject Claimant's argument that her actions did not rise to the level of misconduct.

For the reasons discussed above, the order of the Board is affirmed.

 

 

P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Kathiren L. Quiambao,  :
                            Petitioner  :
                                        :
          v.                            :     No. 1247 C.D. 2015
                                        :
Unemployment Compensation               :
Board of Review,                        :
                            Respondent  :

# **O R D E R**

AND NOW, this 23rd day of March, 2016, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge