IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terri N. Twillie,                          :
                                           : No. 1924 C.D. 2015
                        Petitioner         : Submitted: May 13, 2016
                                           :
            v.                             :
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                        Respondent         :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  July 27, 2016


        In this appeal, Terri N. Twillie (Claimant), representing herself, asks
whether the Unemployment Compensation Board of Review (Board) erred in
determining she was ineligible for unemployment compensation (UC) benefits
under Section 402(e) of the Unemployment Compensation Law (Law)[1] (relating to
willful misconduct).  Claimant contends the Board's determination of willful
misconduct is erroneous and is not supported by substantial evidence.  Upon
review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§802(e).

Claimant worked for Erie County Care Management (Employer) in the Juvenile Probation Department as a Community Justice Officer from July 2012 until her last day of work on April 2, 2015. After her separation from employment, Claimant applied for UC benefits, which a local service center denied under Section 402(e) of the Law. Claimant appealed, and a referee held a hearing.

At the hearing, the referee heard testimony and received evidence from Claimant and Employer's two witnesses: Human Resources Director, Daniel Hollern (Director), and Claimant's immediate supervisor at the Juvenile Probation Department, Thomas Kern (Supervisor). Based on the evidence presented, the referee determined Claimant committed willful misconduct by excessive tardiness without good cause. The referee concluded Claimant was ineligible for UC benefits under Section 402(e) of the Law. Claimant appealed.

The Board, based on the record created at the referee's hearing, found the following facts. Claimant has multiple sclerosis. Her normal work schedule was 8:00 a.m. until 4:30 p.m. Because of Claimant's medical condition, Employer permitted a variation in her work hours from a regular start time of 8:00 a.m. to a delayed start time of 10:00 a.m. on days when she could not make it in by 8:00 a.m. However, Employer required Claimant to contact her direct supervisor any day that she would not be in by 8:00 a.m. and to contact him once she arrived at work. Board Opinion, 7/31/15, Findings of Fact (F.F.) Nos. 2-5.

Claimant repeatedly failed to report by 8:00 a.m., and she also failed to report for work by 10:00 a.m. When questioned why she was not coming to work on time, Claimant stated there were not enough hours in the day to get stuff done. Employer discharged Claimant for repeatedly refusing to call off work on a timely basis or to report to work on a timely basis. F.F. Nos. 6-8.

2

The Board resolved the conflicts in testimony in favor of Employer. The Board determined Employer provided credible evidence to prove that Claimant was late for work on a daily basis and she did not notify Employer as required. Claimant did not credibly establish she properly notified Employer or offer evidence that she had good cause for failing to report for work on time. Ultimately, the Board concluded Claimant's conduct amounted to willful misconduct. Thus, the Board determined Claimant was ineligible for benefits under Section 402(e) of the Law. Claimant's appeal to this Court followed.

On appeal,[2] Claimant argues the Board's determination of willful misconduct is erroneous and is not supported by substantial evidence. Claimant contends she worked to the best of her ability. Unsatisfactory work performance does not constitute willful misconduct.[3]

Section 402(e) of the Law provides, "[a]n employe shall be ineligible for compensation for any week … [i]n which [her] unemployment is due to [her] discharge … from work for willful misconduct connected with [her] work …." 43 P.S. §802(e). "[W]illful misconduct is defined by the courts as: (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3)

---

[2] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 746 (Pa. 2014).

[3] To the extent Claimant appears to argue Employer violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§12131-12165, by failing to accommodate her alleged disability, this issue is not properly before us in the context of an appeal as to whether Employer terminated Claimant for willful misconduct. Notwithstanding, there is no competent evidence in the record to substantiate her claim. In fact, Claimant testified she filed an ADA claim against Employer, which was dismissed in 2012. Referee's Hearing, 5/19/15, Notes of Testimony (N.T.) at 10, 32. Claimant's argument in this regard lacks merit.

3

disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations." *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 746 (Pa. 2014) (citing *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 425 (Pa. 2002)).

The employer bears the initial burden of proving a claimant engaged in willful misconduct. *Id.* When asserting a discharge based on a violation of a work rule, an employer must establish the existence of the rule, the reasonableness of the rule, the claimant's knowledge of the rule, and its violation. *Id.* at 1010 (citing *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338 (Pa. Cmwlth. 2008)).

Moreover, employers have a right to expect that employees will report to work when they are scheduled, that they will be on time, and that they will not leave work early without permission. *Ellis v. Unemployment Compensation Board of Review*, 59 A.3d 1159, 1163 (Pa. Cmwlth. 2013); *Fritz v. Unemployment Compensation Board of Review*, 446 A.2d 330, 333 (Pa. Cmwlth. 1982). Habitual tardiness is behavior that is inimical to an employer's interests, and, therefore, may constitute willful misconduct. *Ellis*; 59 A.3d at 1163; *Grand Sport Auto Body v. Unemployment Compensation Board of Review*, 55 A.3d 186, 190 (Pa. Cmwlth. 2012) (*en banc*). "[C]hronic tardiness, particularly after a warning, exhibits a sufficient disregard of the employer's interests to constitute willful misconduct." *Ellis*, 59 A.3d at 1163 (quoting *Conibear v. Unemployment Compensation Board of Review*, 463 A.2d 1231, 1232 (Pa. Cmwlth. 1982)); *accord Markley v. Unemployment Compensation Board of Review*, 407 A.2d 144, 146 (Pa. Cmwlth.

4

1979). Even where an absence or tardiness is justified, a claimant's failure to comply with an employer's reporting-off requirement may constitute willful misconduct. *Yerger v. Unemployment Compensation Board of Review*, 457 A.2d 1333, 1334 (Pa. Cmwlth. 1983).

Once an employer meets its burden, the burden shifts to the employee to prove good cause for her actions. *Johns*, 87 A.3d at 1010. An employee establishes good cause where her actions are justified or reasonable under the circumstances. *Docherty v. Unemployment Compensation Board of Review*, 898 A.2d 1205, 1208-09 (Pa. Cmwlth. 2006). Health issues may constitute good cause for an absence or tardiness. *See McKeesport Hospital v. Unemployment Compensation Board of Review*, 625 A.2d 112, 114 (Pa. Cmwlth. 1993) (A properly reported, reasonable absence due to illness may suffice to show good cause, and does not constitute willful misconduct, provided the claimant affirmatively establishes that illness was indeed the cause of the claimant's conduct); *Hubbard v. Unemployment Compensation Board of Review*, 456 A.2d 1122, 1124 (Pa. Cmwlth. 1983) (an "absence due to illness is not willful misconduct if properly reported and reasonable."); *but see Unemployment Compensation Board of Review v. Glenn*, 350 A.2d 890, 892 (Pa. Cmwlth. 1976) (benefits denied where Board rejected claimant's contention that his chronic lateness was due to illness).

Further, in UC cases, the Board is the ultimate fact-finder and is empowered to resolve all issues of witness credibility, conflicting evidence and evidentiary weight. *Ductmate*, 949 A.2d at 342. It is irrelevant whether the record contains evidence that would support findings other than those made by the Board; the proper inquiry is whether the evidence supports the findings actually made. *Id*.

5

Additionally, the party prevailing below is entitled to the benefit of all reasonable inferences drawn from the evidence. *Id.*

With regard to Claimant's substantial evidence claim, Claimant does not specifically challenge any of the Board's factual findings in her petition for review or in her statement of questions involved or otherwise develop the issue in her brief. Where a claimant does not challenge any specific findings of fact, the Board's findings are conclusive on appeal. *Campbell v. Unemployment Compensation Board of Review*, 694 A.2d 1167, 1169 (Pa. Cmwlth. 1997).

Notwithstanding, the Board's findings that Claimant repeatedly failed to call off by 8:00 a.m. and failed to report for work on time are amply supported by substantial evidence in the record. Director credibly testified Employer issued multiple warnings to Claimant, he reviewed those warnings with her, but she refused to sign the documents. Referee's Hearing, 5/19/15, Notes of Testimony (N.T.) at 18, 20, 21. He explained that Employer allowed Claimant a delayed start time of 10:00 a.m. on mornings when she could not make it in by 8:00 a.m., provided she called and advised Supervisor by 8:00 a.m. N.T. at 20. In other words, if Claimant reported to Supervisor that she would be late, Employer expected her to report for work by 10:00 a.m. N.T. at 21. Notwithstanding, Claimant continued to arrive late to work and she did not notify her Supervisor as directed. N.T. at 21. According to Director, he advised Claimant that if she needed further accommodation past the 10:00 a.m. start time she would need to provide medical documentation, which she did not provide. N.T. at 20. In February 2015, Director warned Claimant that if she continued to be late, Employer would take disciplinary action, including termination. N.T. at 22.

6

Despite the warnings, between January and March 2015, Director testified Claimant did not report to work on time. N.T. at 23, 25. He further testified that Claimant even arrived late at the last disciplinary meeting, which led to her suspension and ultimate dismissal. N.T. at 27. When Director asked Claimant to explain her tardiness, she responded that there were just not enough hours in the day to get stuff done. N.T. at 28. Director testified Employer suspended Claimant to give her a final opportunity to justify her tardiness. N.T. at 28. However, Claimant provided no justification. N.T. at 28. Consequently, Employer terminated the employment relationship. N.T. at 28.

Supervisor corroborated Director's testimony. Supervisor testified he attended the meetings at which Claimant was warned regarding her tardiness. N.T. at 29. Claimant provided only vague responses as to why she was not coming to work on time or calling to report a late arrival. Supervisor testified they hoped her attendance would improve after they made the accommodation to her start time and warned Claimant, but it never did. N.T. at 29. According to Supervisor, Claimant's chronic tardiness started affecting office morale. N.T. at 29-30. In March 2015, Employer could no longer tolerate her conduct and made the decision to take disciplinary measures. N.T. at 30.

The Board credited Director's and Supervisor's testimony. Upon review, this testimony constitutes substantial evidence supporting the Board's findings.[4]

---

[4] Employer also offered the written warnings into evidence, which the referee admitted over Claimant's objections. On appeal, Claimant contends the written warnings are hearsay and do not constitute competent evidence to support the Board's findings. Even if we agreed, any error in admitting the evidence would have no bearing on the outcome because the Board's findings are amply supported by testimonial evidence alone.

Turning to Claimant's argument that the Board erred in determining Claimant was ineligible for UC benefits, the uncontested facts support disqualification for willful misconduct. Employer had a right to expect that Claimant would attend work when scheduled and that she would be on time or call to report she would be late. In response to Claimant's claim that her medical condition made it difficult for her to report to work on time, Employer accommodated Claimant by allowing a delayed start time. Despite the accommodation and numerous warnings, Claimant routinely arrived at work late, without notifying Employer.

Contrary to Claimant's assertions, she did not prove good cause for her actions. Claimant admitted "I never get to work at a regular time or anything." N.T. at 9. She continued, "I am late for work, but that's not new for me. I've been late for the last I don't even know how many years . . . ." N.T. at 10. Even after Employer permitted a delayed start, Claimant admitted she still did not "get to work on time." N.T. at 14.

When asked why she is unable to make it to work, Claimant explained: "It takes long. It's just long." N.T. at 34. She attributed her difficulty to multiple sclerosis as well as car trouble and problems with her home's public utilities. N.T. at 34, 35. She testified that "it just takes me longer to do stuff than most people." N.T. at 34. However, Claimant provided no medical documentation regarding her condition or, more importantly, how her condition caused her to be habitually late, regardless of her start time. Moreover, Claimant offered no justification for not calling her supervisor to advise when she would be late.

Although Claimant denied ever receiving warnings, written or verbal, N.T. at 17, 19, 23, 32, and asserted Employer tolerated her tardiness, the Board did

8

not credit her testimony. Instead, the Board credited the testimony of Employer's witnesses that Employer documented her tardiness and warned Claimant her continued tardiness would not be tolerated. Such credibility determinations are for the finder of fact and will not be disturbed by this Court on appeal. *See Ductmate*.

To the extent Claimant attempts to argue her actions did not constitute willful misconduct because she performed her job to the best of her ability, Employer did not terminate Claimant's employment for unsatisfactory job performance. Rather, Employer terminated her employment because she was repeatedly late and failed to notify Employer.

Upon review, the Board's findings regarding Claimant's excessive tardiness, without notification to Employer, are supported by substantial evidence and support a conclusion of willful misconduct. Claimant did not provide good cause for her conduct. Thus, the Board did not err in determining Claimant was ineligible for UC benefits under Section 402(e) of the Law.

Accordingly, we affirm.


_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terri N. Twillie,                          :
                                           : No. 1924 C.D. 2015
                         Petitioner        :
                                           :
              v.                           :
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                         Respondent        :


O R D E R


AND NOW, this 27th day of July, 2016, the order of the Unemployment Compensation Board of Review, dated July 31, 2015, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge